**IN THE UNITED STATES COURT OF APPEALS FOR THE**
**DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| Nancy Huisha-Huisha et al., | |
| *Plaintiff-Appellees,* | |
| v. | |
| Alejandro N. Mayorkas, | Case No. 22-5325 |
| *Defendant-Appellants* | |
| and | |
| States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Missouri, Montana, Nebraska, Ohio, Oklahoma, South Carolina, Texas, Tennessee, Utah, Virginia, West Virginia, and Wyoming. | |
| *Proposed Intervenor-Defendants.* | |

**STATES' NOTICE REGARDING**
**PENDING MOTION TO INTERVENE AND**
**ALTERNATIVE RENEWED MOTION TO INTERVENE**

## NOTICE AND, IN THE ALTERNATIVE, RENEWED REQUEST TO INTERVENE

The States of Arizona, Louisiana, Alabama, Alaska, Kansas, Kentucky, Mississippi, Missouri, Montana, Nebraska, Ohio, Oklahoma, South Carolina, Texas, Tennessee, Utah, Virginia, West Virginia, and Wyoming ("States") hereby provide notice that their motion to intervene, which was filed in the district court and fully briefed below, should now be pending before this Court due to Federal Defendants taking this appeal. In the alternative, if the States' motion is not currently pending automatically in this Court by operation of law, the States respectfully renew their request to intervene in this action/appeal. That renewed request should be granted for all of the reasons previously explained in briefing below. Copies of the motion, supporting materials, joinders, responses, and reply brief are attached with this notice.[1]

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58

---

[1]  Both Plaintiffs and Federal Defendants have opposed the States' motion to intervene.

(1982). For that reason, most circuit courts have held that "an effective notice of appeal deprives a district court of authority to entertain a motion to intervene after the court of appeals has assumed jurisdiction over the underlying matter." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012); *Drywall Tapers & Pointers of Greater New York v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94-95 (2d Cir. 2007); *Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir.1984) (adopting rule for Fourth Circuit).

Here, the States sought to intervene to appeal the district court's opinion and order (D. Ct. Docs. 164 & 165), which vacated and enjoined agency actions collectively comprising the Title 42 system. That order was subsequently formalized as a final judgment on November 22. *See* D. Ct. Doc. 170. The States' motion was fully briefed on December 2, but has not yet been decided.

Federal Defendants filed a notice of appeal from the district court's final judgment on December 7, *see* D. Ct. Doc. 180, which was docketed in this Court today.

The States' motion to intervene exclusively concerns matters

relating to the district court's final November 22 judgment and Federal Defendants have filed a proper notice of appeal as to that judgment. As a result, that notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. Because the States' motion to intervene relates only to "aspects of the case involved in the appeal," the States' motion to intervene was transferred by operation of law to this Court once Federal Defendants filed their notice of appeal.[2]

Alternatively, if the States' motion to intervene is not automatically pending before this Court already, the States respectfully renew their request to intervene in this action, both as of right and permissively. That alternative request should be granted for all of the reasons explained in the briefing below, which the States incorporate by reference.

The States' alternative request should further be granted because subsequent developments have underscored the inadequacy of

---

[2] The States have not sought to intervene as to matters outside of the claims for which the district court entered its final Rule 54(b) judgment. Because the district court entered a final judgment, Federal Defendants' appeal is not interlocutory in nature either, and instead is a final judgment appeal that triggers the ordinary rule that jurisdiction is transferred to the court of appeals until that court's mandate issues.

Defendants' representation of the States' interests. Federal Defendants have explicitly recognized that the district court "erred in vacating th[e] agency actions" at issue here. D. Ct. Doc. 179 at 1. But despite recognizing that the district court's decision is wrong, Federal Defendants have informed the States that they do not intend to seek a stay pending appeal, thereby ensuring that the harms that the district court's judgment would inflict upon the States will come to pass absent the States' intervention— even though Federal Defendants have admitted elsewhere that the termination of the Title 42 system will cause the States harms (and district courts have found as much).[3]

Indeed, Defendants have gone even further, explaining that they "intend[] to move the D.C. Circuit to hold th[is] appeal in abeyance," *id.*— a request that, if granted, would prevent the district court's acknowledged errors from ever being corrected by appellate review.

In essence, Federal Defendants are knowingly acting to ensure that

---

[3] *See, e.g.*, *Louisiana v. CDC*, __ F.Supp.3d __, 2022 WL 1604901, at *6 (W.D. La. May 20, 2022) (explaining that termination of Title 42 "will increase the state's costs for healthcare reimbursements. *Defendants did not dispute the facts supporting this finding.* (emphasis added)); *id.* at *22 (holding that the States "satisf[ied] the irreparable harm requirement for a preliminary injunction").

the district court's errors are never corrected, and the States continue to suffer the harms from those admitted legal errors indefinitely, all the while contending that the Federal Government is adequately representing the States' interests. That is specious.

## CONCLUSION

For the foregoing reasons, the States respectfully request that this Court decide their pending motion to intervene, which was fully briefed below and has now been transferred by operation of law to this Court.

Alternatively, if this Court determines that the motion to intervene filed by the States below is not pending here already, this Court should grant the States' alternative renewed request to intervene for all of the reasons explained in the briefing below.

Dated:  December 9, 2022

Respectfully submitted,

<table>
<tr><td>

**JEFF LANDRY**
Attorney General of Louisiana

/s/ Elizabeth B. Murrill
ELIZABETH B. MURRILL
Solicitor General
J. SCOTT ST. JOHN
Deputy Solicitor General
LOUISIANA DEPARTMENT OF
JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Attorneys for the State of Louisiana*

</td><td>

**MARK BRNOVICH**
Attorney General of Arizona

/s/ Drew C. Ensign
DREW C. ENSIGN
Deputy Solicitor General
JAMES K. ROGERS
Senior Litigation Counsel
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for the State of Arizona*

</td></tr>
</table>

**STEVE MARSHALL**
Attorney General of Alabama

/s/ Edmund G. LaCour Jr.
EDMUND G. LACOUR JR.
Solicitor General
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Attorneys for the State of Alabama*

**TREG R. TAYLOR**
Attorney General of Alaska
CORI M. MILLS
Deputy Attorney General of Alaska

/s/ Christopher A. Robinson
CHRISTOPHER A. ROBINSON
Alaska Bar No. 2111126
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Attorneys for the State of Alaska*

**DEREK SCHMIDT**
Attorney General of Kansas

/s/ Brant M. Laue
BRANT M. LAUE*
Solicitor General
OFFICE OF KANSAS
ATTORNEY GENERAL
120 SW 10th Avenue, 3rd Floor
Topeka, KS 66612-1597
(785) 368-8435 Phone
Brant.Laue@ag.ks.gov

*Attorneys for the State of Kansas*

**DANIEL CAMERON**
Attorney General of Kentucky

/s/ Marc Manley
MARC MANLEY*
Associate Attorney General
KENTUCKY OFFICE OF THE
ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Attorneys for the Commonwealth of Kentucky*

**LYNN FITCH**
Attorney General of Mississippi

/s/ Justin L. Matheny
JUSTIN L. MATHENY
Deputy Solicitor General
OFFICE OF THE MISSISSIPPI
ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Attorneys for the State of Mississippi*

**ERIC S. SCHMITT**
Attorney General of Missouri

/s/ D. John Sauver
D. JOHN SAUER
Solicitor General
MICHAEL E. TALENT
Deputy Solicitor General
Supreme Court Building
P.O. Box 899
Jefferson City, Missouri 65102
(573) 751-8870
John.Sauer@ago.mo.gov

*Attorneys for the State of Missouri*

**AUSTIN KNUDSON**
Attorney General of Montana

/s/ Kathleen L. Smithgall
KATHLEEN L. SMITHGALL
Deputy Solicitor General
Montana Attorney General's
Office 215 N. Sanders St.
Helena, MT 69601 Telephone:
406-444-2026
Kathleen.Smithgall@mt.gov

*Attorneys for the State of Montana*

**DOUGLAS J. PETERSON**
Attorney General of Nebraska

/s/ James A. Campbell
JAMES A. CAMPBELL*
Solicitor General
OFFICE OF THE NEBRASKA
ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
jim.campbell@nebraska.gov

*Attorneys for the State of Nebraska*

**DAVE YOST**
Attorney General of Ohio

/s/ Ben Flowers
BEN FLOWERS
 Solicitor General
Office of Ohio Attorney General
Dave Yost
Office number: (614) 728-7511
Cell phone:      (614) 736-4938
benjamin.flowers@ohioattorneyg
eneral.gov

*Attorneys for the State of Ohio*

**JOHN M. O'CONNOR**
Attorney General of Oklahoma

/s/ Bryan Cleveland
BRYAN CLEVELAND*
Deputy Solicitor General
OKLAHOMA          ATTORNEY
GENERAL'S
OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921

*Attorneys   for   the   State   of
Oklahoma*

**ALAN WILSON**
Attorney   General   of   South
Carolina

/s/ Jams Emory Smith, Jr.
JAME EMORY SMITH, JR.
Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
(803) 734-3642
esmith@scag.gov

*Attorneys for the State of South
Carolina*

**KEN PAXTON**
Attorney General of Texas

/s/ Aaron F. Reitz
AARON F. REITZ*
Deputy   Attorney   General   for
Legal Strategy
LEIF A. OLSON*
Special Counsel
OFFICE  OF  THE  ATTORNEY
GENERAL
OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Aaron.Reitz@oag.texas.gov
Leif.Olson@oag.texas.gov

*Attorneys for the State of Texas*

9

**JONATHAN SKRMETTI**
Attorney General and Reporter of Tennessee

/s/ Clark Hildrabrand
ANDRÉE S. BLUMSTEIN
Solicitor General
BRANDON J. SMITH
Chief of Staff
CLARK L. HILDABRAND
Assistant Solicitor General
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Attorneys for the State of Tennessee*

**SEAN D. REYES**
Attorney General of Utah

/s/ Melissa A. Holyoak
MELISSA A. HOLYOAK
Solicitor General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0260
melissaholyoak@agutah.gov

*Attorneys for the State of Utah*

**JASON S. MIYARES**
Attorney General of Virginia

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON
Solicitor General
LUCAS W.E. CROSLOW
Deputy Solicitor General
OFFICE OF THE VIRGINIA ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
(804) 786-7704
AFerguson@oag.state.va.us

*Attorneys for the Commonwealth of Virginia*

**PATRICK MORRISEY**
Attorney General of West Virginia

LINDSAY SEE*
Solicitor General
MICHAEL R. WILLIAMS
Deputy Solicitor General
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov

*Attorneys for the State of West Virginia*

10

**BRIDGET HILL**
Attorney General of Wyoming

/s/ Ryan Schelhaas
RYAN SCHELHAAS*
Chief Deputy Attorney General
OFFICE OF THE WYOMING
ATTORNEY GENERAL
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Attorneys for the State of Wyoming*

11

**CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

   this document contains 970 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office '22 in 14-point Century Schoolbook.


<u>s/ Drew C. Ensign</u>
Drew C. Ensign
*Counsel for the State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF filing system. Counsel for parties that are registered CM/ECF users will be served by the CM/ECF system pursuant to the notice of electronic filing.

 s/ Drew C. Ensign
*Counsel for State of Arizona*