No. 22-5325                                        September Term, 2022

1:21-cv-00100-EGS

Filed On: December 16, 2022

Nancy Gimena Huisha-Huisha, and her minor
child, et al.,

            Appellees

      v.

Alejandro N. Mayorkas, Secretary of
Homeland Security, in his official capacity, et
al.,

            Appellants

      **BEFORE:**   Millett, Walker, and Pan, Circuit Judges

**O R D E R**

Upon consideration of the motion to exceed the word limits; the motion for leave to intervene on appeal, the December 14, 2022 notice regarding filings, the responses to the motion, and the lodged reply; the emergency motion for stay, the responses thereto, and the reply; and the motion for leave to file a brief as amicus curiae in support of a stay, it is

**ORDERED** that the motion to exceed the word limits be granted. The Clerk is directed to file the lodged reply. It is

**FURTHER ORDERED** that the motion for leave to intervene on appeal be denied. The movant-intervenors (the "States") may, however, participate as amici curiae. As no statute or rule governs intervention at the appellate stage, this court applies the policies underlying intervention in the district courts outlined in Federal Rule of Civil Procedure 24. See Cameron v. EMW Women's Surgical Ctr., P.S.C., 142 S. Ct. 1002, 1010 (2022); Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008). Those factors are: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." Deutsche Bank Nat'l Tr. Co. v. F.D.I.C., 717 F.3d 189, 192 (D.C. Cir. 2013) (quoting Karsner, 532 F.3d at 885).

"Timeliness is an important consideration" to be determined from all the

circumstances, Cameron, 142 S. Ct. at 1012, "especially weighing the factor[] of time elapsed since the inception of the suit," Smoke v. Norton, 252 F.3d 468, 471 (D.C. Cir. 2001) (quoting United States v. AT&T, 642 F.2d 1285, 1295 (D.C. Cir. 1980)). Intervention "will usually be denied where a clear opportunity for pre-judgment intervention was not taken." Associated Builders & Contractors, Inc. v. Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (quoting Dimond v. District of Columbia, 792 F.2d 179, 193 (D.C. Cir. 1986)); see NAACP v. New York, 413 U.S. 345, 365 (1973) ("If [an application] is untimely, intervention must be denied."); Associated Builders, 166 F.3d at 1257 ("If the motion was not timely, there is no need for the court to address the other factors that enter into an intervention analysis."); Amador County v. Department of the Interior, 772 F.3d 901, 903 (D.C. Cir. 2014) ("At the threshold * * * the motion to intervene must be timely.") (citing United States v. British Am. Tobacco Austl. Servs., Ltd., 437 F.3d 1235, 1238 (D.C. Cir. 2006)).

In this case, the inordinate and unexplained untimeliness of the States' motion to intervene on appeal weighs decisively against intervention.

First, although this litigation has been pending for almost two years, the States never sought to intervene in the district court until almost a week *after* the district court granted plaintiffs' partial summary judgment motion and vacated the federal government's Title 42 policy. The filing was so late in the litigation process that the federal government's filing of a notice of appeal shortly thereafter, in the States' view, deprived the district court of jurisdiction even to act on the motion. Notice Re: Pending Mot. to Intervene and Alternative Renewed Mot. to Intervene at 2–4, Huisha-Huisha v. Mayorkas, No. 22-5325 (D.C. Cir. Dec. 9, 2022). As a result, the States have asked this court to allow them to intervene for the first time in this litigation when the case is already on appeal. Id. at 4.

Second, long before now, the States have known that their interests in the defense and perpetuation of the Title 42 policy had already diverged or likely would diverge from those of the federal government's should the policy be struck down. Fourteen months ago, Texas—one of the States seeking intervention now—filed a motion to intervene in this court on the ground that "[e]volving circumstances * * * have made it apparent that Texas' interests diverge from [the federal] Defendants' and that Texas' intervention is necessary for its interests to be adequately represented." Mot. to Intervene at 2, Huisha-Huisha v. Mayorkas, No. 21-5200 (D.C. Cir. Oct. 11, 2021). Texas cited as grounds for the differing interests its concerns that the federal government would settle or otherwise not vigorously pursue preservation of its existing immigration policy, id. at 2–3, and actions by the federal government that "have called into question whether Defendants will continue to defend the Title 42 Process, or whether they might take action (i.e., a settlement, failure to pursue an appeal, or otherwise) that would be adverse to Texas," id. at 3 (emphasis added). See also id. at 14 ("[T]he potential for Defendants' representation to be inadequate has recently come

to the fore in light of the Defendants' representations in Texas' other litigations * * * and because of Defendant Mayorkas's recent promulgation of final guidance" on immigration matters.) (citation omitted); id. at 18 ("There is a palpable prospect that Defendants might resolve this litigation in a way that would harm Texas[.]").

Despite that "palpable" divergence in interests that already existed in October 2021, neither Texas nor any of the States here moved to intervene in district court on remand from this court or during the summary judgment proceedings.

On top of that, more than eight months ago, the federal government issued an order terminating the Title 42 policy. Because of the asserted consequences of that significant change in position by the federal government, the same States seeking to intervene in this case sued the federal government for failing to perpetuate the Title 42 policy and obtained a preliminary injunction against implementation of the termination order, which the federal government has appealed. See Louisiana v. CDC, __ F. Supp. 3d ___, 2022 WL 1604901 (W.D. La. May 20, 2022), appeal pending, No. 22-30303 (5th Cir.). These events not only "should have alerted the would-be intervenors" that the federal government's stake in perpetuating Title 42 differed from theirs, Cameron, 142 S. Ct. at 1013 (citing NAACP, 413 U.S. at 367), it actually did alert them. They told the district court two weeks ago: "For most of 2022, it has been clear that CDC/DHS wanted * * * to end Title 42[.]" Reply Memo. in Support of Mot. to Intervene at 1, Huisha-Huisha v. Mayorkas, No. 1:21-cv-00100 (D.D.C. Dec. 2, 2022), ECF No. 177 (emphasis added).

While the States applaud the federal government's legal arguments at summary judgment in the district court, Reply to Resps. in Support of Mot. to Intervene at 3–4, Huisha-Huisha v. Mayorkas, No. 22-5325 (D.C. Cir. Dec. 15, 2022), Texas' prior effort to intervene as well as the federal government's attempted termination of the Title 42 policy put the States on notice—in their own words—"[f]or most of 2022" that their interests in keeping Title 42 in place had long since ceased to overlap with the United States' interests. Further, given the fact that eight months ago the federal government indicated its intent to drop the Title 42 policy, it should come as no surprise to the States that the federal government has now chosen not to pursue the "extraordinary relief" of a stay pending appeal. Citizens for Responsibility & Ethics in Wash. v. FEC, 904 F.3d 1014, 1017 (D.C. Cir. 2018). Yet these long-known-about differing interests in preserving Title 42—a decision of indisputable consequence—are the only reasons the States now provide for wanting to intervene for the first time on appeal. Nowhere in their papers do they explain why they waited eight to fourteen months to move to intervene.

Given that record, this case bears no resemblance to Cameron or United Airlines, Inc. v. McDonald, 432 U.S. 385, 394 (1977), on which the States rest their claim to intervention on appeal. The States' own prior filings show that they did not

seek intervention "as soon as it became clear" that the intervenor's interests would no longer be protected by existing parties.  <u>Cameron</u>, 142 S. Ct. at 1012 (quoting <u>United Airlines, Inc.</u>, 432 U.S. at 394).  While in <u>United Airlines</u>, "there was no reason for the respondent to suppose that [the named plaintiffs] would not later take an appeal until * * * after the trial court had entered its final judgment," 432 U.S. at 394, intervenor-movant Texas voiced that very risk more than a year ago when it told this court that "[t]here is a palpable prospect that Defendants might resolve this litigation in a way that would harm Texas—whether through a settlement, failure to pursue further appeal, or otherwise."  Mot. to Intervene at 18, <u>Huisha-Huisha v. Mayorkas</u>, No. 21-5200 (D.C. Cir. Oct. 11, 2021).  And the rest of the intervenor-movant States have known that the United States no longer shared their interest in preserving Title 42's operation "[f]or most of 2022[.]"  Reply Memo. in Support of Mot. to Intervene at 1, <u>Huisha-Huisha v. Mayorkas</u>, No. 1:21-cv-00100 (D.D.C. Dec. 2, 2022), ECF No. 177.  It is

**FURTHER ORDERED** that the emergency motion for stay or administrative stay be dismissed as moot.  It is

**FURTHER ORDERED** that the motion for leave to file an amicus brief in support of a stay be dismissed as moot.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Laura M. Morgan
Deputy Clerk