[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NANCY GIMENA HUISHA-HUISHA, on behalf of
herself and others similarly situated,

    Plaintiffs-Appellees,

    v.

ALEJANDRO MAYORKAS, Secretary of Homeland
Security, *et al.*,

    Defendants-Appellants.

No. 22-5325

**MOTION TO HOLD CASE IN ABEYANCE**

BRIAN M. BOYNTON
   *Principal Deputy Assistant*
   *Attorney General*

MATTHEW M. GRAVES
   *United States Attorney*

SHARON SWINGLE
JOSHUA WALDMAN
   *Attorneys, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-0236*
   *joshua.waldman@usdoj.gov*

Pursuant to Federal Rule of Appellate Procedure 27, Defendants respectfully move to hold this case in abeyance.  This appeal seeks review of the district court's order vacating and setting aside a regulation issued by the Centers for Disease Control and Prevention (CDC), 42 C.F.R. § 71.40, as well as certain orders issued by CDC pursuant to that authority.  The Department of Health and Human Services (HHS) and CDC, however, have decided to undertake notice-and-comment rulemaking to replace the regulation vacated by the district court.  In addition, CDC has previously announced the termination of the same orders vacated by the district court.  While a Louisiana district court preliminarily enjoined CDC's termination of those orders, the government's appeal of that injunction is currently pending before the United States Court of Appeals for the Fifth Circuit.  This Court should hold the present case in abeyance pending the outcome of those administrative and judicial proceedings, which may obviate the need for this Court's review.

In addition, on December 27, 2022, the Supreme Court granted a petition for a writ of certiorari to review this Court's order denying a motion, brought by 19 States, to intervene in this appeal.  That pending action provides an additional reason to hold the present appeal in abeyance.

For these reasons, the Court should hold this appeal in abeyance indefinitely but allow any party to move to lift the abeyance if future litigation, regulatory developments, or other circumstances warrant lifting the abeyance.

Plaintiffs' counsel has informed the government that "Plaintiffs oppose Defendants' request to hold the appeal in abeyance pending the outcome of the Louisiana case or rule making.  However, Plaintiffs do not oppose holding this appeal in abeyance pending the outcome of the Supreme Court's intervention ruling, at which time there will be greater certainty about the most efficient and fair way to proceed."

## **BACKGROUND**

1.      Under 42 U.S.C. § 265, whenever the Secretary of Health and Human Services "determines that by reason of the existence of any communicable disease in a foreign country there is serious danger of the introduction of such disease into the United States, and that this danger is so increased by the introduction of persons or property from such country that a suspension of the right to introduce such persons and property is required in the interest of the public health," the Secretary may "prohibit, in whole or in part, the introduction of persons and property from such countries or places as he shall designate in order to avert such danger, and for such period of time as he may deem necessary for such purpose."

2

In March 2020, in light of the COVID-19 global pandemic, HHS and CDC issued an interim final rule under Section 265 authorizing the CDC Director to temporarily suspend the introduction of certain persons into the United States. 85 Fed. Reg. 16,559 (Mar. 24, 2020). HHS and CDC also issued an order implementing that authority by temporarily suspending the introduction of certain noncitizens (referred to as "covered aliens") traveling from Canada and Mexico into the United States. 85 Fed. Reg. 17,060 (Mar. 26, 2020). CDC extended the order in April 2020 and again in May 2020, and then published a final rule in September 2020 permitting the CDC Director to "prohibit, in whole or in part, the introduction into the United States of persons from designated foreign countries" "for such period of time that the Director deems necessary to avert the danger of the introduction of a quarantinable communicable disease." 85 Fed. Reg. 56424, 56,425 (2020) (codified at 42 C.F.R. § 71.40). The CDC Director then issued a new order that suspended the introduction of all covered aliens into the United States, subject to certain exceptions, until he determined that "the danger of further introduction of COVID-19 into the United States has ceased to be a serious danger to the public health," based on recurring 30-day reviews by CDC. 85 Fed. Reg. 65,806, 65,807-08 (Oct. 16, 2020). CDC's regulation and implementing orders are collectively referred to as its "Title 42" process or policy.

In February 2021, the President issued an Executive Order directing HHS and CDC, in consultation with the Department of Homeland Security (DHS), to "promptly review and determine whether termination, rescission, or modification of the [the CDC order and final rule] is necessary and appropriate." Executive Order No. 14,010, 86 Fed Reg. 8267 (Feb. 2, 2021). CDC issued a series of notices and orders excepting unaccompanied noncitizen children from its orders, *see* 86 Fed. Reg. 9942 (Feb. 17, 2021); 86 Fed. Reg. 38,717 (July 22, 2021); 86 Fed. Reg. 42,828 (Aug. 2, 2021); 87 Fed. Reg. 15,243, 15,248 (Mar. 17, 2022), but concluded in August 2021 based on its then-current public-health assessment that the Title 42 policy "remain[ed] necessary" for single adults and family units. 86 Fed. Reg. 42, 828, 42,829 (Aug. 5. 2021).

2.      Plaintiffs are six families that unlawfully crossed the U.S.-Mexico border into the United States, and whom DHS determined to be subject to the Title 42 process. Plaintiffs brought suit in January 2021 on behalf of a putative class of noncitizen family units who are or will be subjected to the Title 42 process. The district court granted class certification and issued a classwide preliminary injunction. The district court held that plaintiffs were likely to succeed on the merits of their statutory challenge because, in the court's view, Section 265 likely did not authorize the government to expel noncitizens once they have crossed the border into the United States. The district court also found that the remaining

preliminary injunction factors weighed in plaintiffs' favor.  The district court

enjoined the government from expelling class members from the United States

under the CDC rule and orders.  *Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146

(D.D.C. 2021).

This Court stayed the preliminary injunction pending appeal, and

subsequently affirmed the preliminary injunction in part and vacated in part.  This

Court held that Section 265 likely authorized "the Executive [to] expel the

Plaintiffs from the country," but likely did not authorize the government to "expel

them to places where they will be persecuted or tortured."  *Huisha-Huisha v.*

*Mayorkas*, 27 F.4th 718, 772 (D.C. Cir. 2022).  This Court remanded for further

proceedings.

**3.**      On April 1, 2022, following this Court's decision, the CDC issued an

order terminating all its prior Title 42 orders prohibiting the introduction of certain

other noncitizens (*i.e.*, family units and single adults) into the United States.  *See*

87 Fed. Reg. 19,941 (Apr. 6, 2022).  The CDC concluded that its prior Title 42

orders were "no longer required in the interest of public health."  *Id.* at 19,942.

The termination, by its terms, was to take effect on May 23, 2022.  *See id.* at

19,941.  In light of the CDC's termination of its prior Title 42 orders, on April 22,

2022, this Court granted the government's motion for a four-week extension of

time, until the termination order's effective date, for issuance of the mandate in *Huisha-Huisha.*

A group of States then brought suit to challenge the termination order, and on May 20, 2022, a Louisiana district court preliminarily enjoined the order on the grounds that it failed to comply with notice-and-comment requirements. *See Louisiana v. CDC*, No. 6:22-cv-00885 (W.D. La.), Preliminary Injunction Order, ECF No. 91 (May 20, 2022). The government has appealed that ruling. *See Louisiana v. CDC*, No. 22-30303 (5th Cir.). The appeal is fully briefed, and oral argument is tentatively scheduled for the week of March 6, 2023.

4.      On remand in the present case, plaintiffs moved for partial summary judgment on their claims that the Title 42 policy – including CDC's regulation at 42 C.F.R. § 71.40, and its various orders implementing that regulation – were arbitrary and capricious under the Administrative Procedure Act. The government opposed plaintiffs' claims, noting that, although CDC had sought to terminate the orders in April 2022, CDC had reasonably explained the public health need for the orders at the time it had issued them. The district court granted partial summary judgment in plaintiffs' favor. The district court vacated the CDC's rule and orders, and permanently enjoined the government from applying the rule and orders to the plaintiff class members. *Huisha-Huisha v. Mayorkas*, --- F. Supp. 3d ---- 2022 WL

16948610 (D.D.C. 2022).  The government filed a notice of appeal on December 7,
2022.

    **5.**      On December 9, 2022, a group of 19 States moved to intervene in this
appeal, and on December 12, 2022, those States moved for a stay pending appeal.
This Court denied both motions on December 16, 2022.  On December 27, 2022,
the Supreme Court granted the States' petition for a writ of certiorari to review this
Court's order denying intervention, scheduled argument for the February 2023
argument session, and stayed the district court's order in this case pending the
Supreme Court's judgment.  *Arizona v. Mayorkas*, S. Ct. No. 22-A-544, 2022 WL
17957850 (2022).

## ARGUMENT

    This Court should hold this case in abeyance pending further administrative
and judicial proceedings that may obviate the need for this Court's review.  The
district court held that CDC's Title 42 regulation, 42 C.F.R. § 71.40, is arbitrary
and capricious and vacated that regulation on those grounds.  However, HHS and
CDC have decided to undertake notice-and-comment rulemaking to replace the
very regulation vacated by the district court.  The culmination of those forthcoming
administrative proceedings may therefore moot the government's appeal of the
district court's judgment vacating and setting aside that regulation.  This Court has
held litigation in abeyance in similar circumstances, where the government appeals

a district court's order vacating its regulations or orders but also engages

administrative proceedings that would or might replace the very agency action that

would otherwise be the subject of this Court's review.  *See, e.g., GPA Midstream*

*v. PHMSA,* D.C. Cir. No. 22-1037 (abeyance granted April 20, 2022); *Samma v.*

*Dep't of Def.*, D.C. Cir. No. 20-5320 (abeyance granted June 30, 2021);

*Competitive Enterprise Inst. v. NHTSA*, D.C. Cir. No. 20-1145 (abeyance granted

April 2, 2021); *Whitman Walker Clinic v. HHS*, D.C. Cir. No. 20-5331 (abeyance

granted Feb. 18, 2021); *National Waste & Recycling Assoc. v. EPA*, D.C. Cir. No.

16-1372 (abeyance granted June 14, 2017); *American Petroleum Inst. v. EPA*, D.C.

Cir. No. 13-1108 (abeyance granted May 18, 2017).  *See also Biden v. Sierra Club,*

142 S. Ct. 46 (2021) (No. 20-138) (placing case in abeyance pending regulatory

developments and subsequently vacating lower court decisions following change in

policy); *Mayorkas v. Innovation Law Lab,* 141 S. Ct. 2842 (2021) (No. 19-1212)

(placing case in abeyance pending further agency action and subsequently vacating

lower court decisions following change in policy).

The district court also held that CDC's orders implementing its regulatory

authority are arbitrary and capricious and vacated those orders as well.  As noted

above, however, CDC has previously issued an order terminating all its prior Title

42 orders including those vacated by the district court, because it determined those

orders were no longer required in the interest of public health.  *See* 87 Fed. Reg.

19,941 (Apr. 6, 2022). While that termination was enjoined by a different district court on the grounds that it failed to comply with notice-and-comment requirements, the government has appealed that injunction to the United States Court of Appeals for the Fifth Circuit. That appeal is fully briefed and oral argument is tentatively scheduled for the week of March 6, 2023. *See Louisiana v. CDC*, No. 22-30303 (5th Cir.). If the government is successful in its appeal, the court of appeals could vacate the district court injunction prohibiting the CDC's termination of its prior Title 42 orders from taking effect. The result of a successful appeal could therefore result in the termination of the same CDC orders vacated by the district court in this case.

Accordingly, the outcome of the appeal may also obviate the need for this Court to review whether the district court correctly held that those prior orders were arbitrary and capricious, because those orders would be terminated by the CDC on the ground that they were no longer required in the interest of public health.

Furthermore, the Supreme Court has granted certiorari to review this Court's order denying the States' motion to intervene. As a result, proceeding with the appeal in this Court without the States' participation as intervenors could potentially either be inefficient (if the Supreme Court were to hold that the States are entitled to intervene after briefing in this Court was complete) or interfere with

9

the Supreme Court's jurisdiction (if this Court were to resolve the merits of the

appeal before the Supreme Court rules on the intervention question). The Supreme

Court's pending review of the intervention question thus provides an additional

reason for holding this appeal in abeyance.

## CONCLUSION

For the foregoing reasons, this Court should hold this case in abeyance.

Respectfully submitted,


BRIAN M. BOYNTON
  *Principal Deputy Assistant*
  *Attorney General*

MATTHEW M. GRAVES
  *United States Attorney*

SHARON SWINGLE

  */s/ Joshua Waldman*
JOSHUA WALDMAN
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Washington, DC 20530*
  *(202) 514-0236*
  *joshua.waldman@usdoj.gov*


January 2023

11

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 2128 words. This motion also complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font, a proportionally spaced typeface.


 */s/ Joshua Waldman*
JOSHUA WALDMAN

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the District

of Columbia Circuit by using the appellate CM/ECF system. Participants in the

case are registered CM/ECF users, and service will be accomplished by the

appellate CM/ECF system.


*/s/ Joshua Waldman*
JOSHUA WALDMAN