[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,

    Plaintiffs-Appellees,

    v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,

    Defendants-Appellants.

No. 22-5325

---

**MOTION TO VACATE THE DISTRICT COURT'S JUDGMENT
AND REMAND WITH INSTRUCTIONS TO DISMISS AS MOOT**

BRIAN M. BOYNTON
  *Principal Deputy Assistant
  Attorney General*

MATTHEW M. GRAVES
  *United States Attorney*

SHARON SWINGLE
JOSHUA WALDMAN
  *Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-0236
  joshua.waldman@usdoj.gov*

Pursuant to Federal Rule of Appellate Procedure 27, Defendants respectfully move this Court to vacate the district court's judgment and remand with instruction to dismiss this case as moot.

This case concerns Plaintiff class members who challenged a regulation issued by the Centers for Disease Control and Prevention (CDC), 42 C.F.R. § 71.40, as well as certain orders issued by CDC pursuant to that regulation, collectively referred to as the "Title 42" policy or process.  The Title 42 regulation authorized, and the CDC orders implemented, the temporary suspension of the right to introduce into the United States certain noncitizens due to a serious public health danger arising from COVID-19.  Pursuant to these orders, covered noncitizens were expelled rather than processed under Title 8 of the U.S. Code. Plaintiff class members contended, among other claims, that the regulation and orders issued pursuant to it were arbitrary and capricious under the Administrative Procedure Act (APA).  The district court agreed and granted partial summary judgment to Plaintiffs, vacated and set aside the regulation and all orders issued pursuant to it, and permanently enjoined Defendants from applying the Title 42 policy to the Plaintiff class members.  This appeal followed.

The judgment below, and Plaintiffs' challenges to the regulation and orders, have now become moot.  Regardless of whether the regulation and orders were arbitrary and capricious, or otherwise unlawful, the CDC order expired by its terms

1

upon the expiration of the Secretary of Health and Human Services' declaration of COVID-19 as a public health emergency under 42 U.S.C. § 247d.  On May 11, 2023, the Secretary's emergency declaration for COVID-19 expired.  Upon that expiration, the CDC order ended by operation of law.  As of May 12, 2023, the government has resumed full immigration processing of all noncitizens under Title 8 authorities.  Plaintiffs' claims that the expired Title 42 policy was unlawful are thus moot.  This Court should accordingly vacate the judgment below and remand with instruction to dismiss the case as moot.

Defendants have consulted with Plaintiffs' counsel, who states that Plaintiffs will file a response after reviewing the government's motion.

## STATEMENT

1.     Under 42 U.S.C. § 265, whenever the Secretary of Health and Human Services (HHS) "determines that by reason of the existence of any communicable disease in a foreign country there is serious danger of the introduction of such disease into the United States, and that this danger is so increased by the introduction of persons or property from such country that a suspension of the right to introduce such persons and property is required in the interest of the public health," the Secretary may "prohibit, in whole or in part, the introduction of persons and property from such countries or places as he shall designate in order to

avert such danger, and for such period of time as he may deem necessary for such purpose."

In March 2020, in light of the COVID-19 global pandemic, HHS and CDC issued an interim final rule under Section 265 authorizing the CDC Director to temporarily suspend the introduction of certain persons into the United States. 85 Fed. Reg. 16,559 (Mar. 24, 2020). HHS and CDC also issued an order implementing that authority by temporarily suspending the introduction of certain noncitizens (referred to as "covered aliens") traveling from Canada and Mexico into the United States. 85 Fed. Reg. 17,060 (Mar. 26, 2020).

CDC extended the order in April and May 2020 and published a final rule in September 2020 permitting the CDC Director to "prohibit, in whole or in part, the introduction into the United States of persons from designated foreign countries" "for such period of time that the Director deems necessary to avert the danger of the introduction of a quarantinable communicable disease." 85 Fed. Reg. 56424, 56,425 (2020) (codified at 42 C.F.R. § 71.40). The CDC Director then issued a new order that suspended the introduction of all covered noncitizens into the United States, subject to certain exceptions, until he determined that "the danger of further introduction of COVID-19 into the United States has ceased to be a serious danger to the public health," based on recurring 30-day reviews by CDC. 85 Fed. Reg. 65,806, 65,807-08 (Oct. 16, 2020).

In August 2021, the CDC determined, based on its then-current public-health assessment, that the Title 42 policy "remain[ed] necessary" for single adults and family units.  86 Fed. Reg. 42, 828, 42,829 (Aug. 5, 2021).  That order stated that it would "remain effective" until either of two triggering events, "whichever occurs first": (a) "the expiration of the Secretary of [Health and Human Services'] declaration that COVID-19 constitutes a public health emergency," or (b) a determination by the CDC Director that "the danger of further introduction of COVID-19 into the United States has declined such that continuation of the Order is no longer necessary to protect public health."  *Id.* at 42,830, 42,841.  The referenced public health emergency declaration by the Secretary is authorized under 42 U.S.C. § 247d, and by statute expires after 90 days unless renewed.  42 U.S.C. § 247d(a).  The Secretary first declared COVID-19 a public health emergency in January 2020 and periodically renewed the declaration after assessing then-current public health conditions.  86 Fed. Reg. at 42,831 & n.21.[1]

---

[1] The Secretary's declaration of a public health emergency has had numerous legal consequences unrelated to Title 42 orders, including authorization to expend additional funds under various programs and to waive or modify certain requirements under the Medicare, Medicaid, and Children's Health Insurance Programs to ensure access to care.  *See* 42 U.S.C. §§ 247d(b)-(f), 1320b-5; Pub. L. No. 116-127, §§ 1101, 2301, 2302, 3102, 6008, 134 Stat. 178, 179-180, 187-191, 208-209 (2020).  Various other emergency orders have also been contingent on the existence of such a public health emergency declaration.  *See* 85 Fed. Reg. 44,085, 44,086 (July 21, 2020) (No Sail Order); 86 Fed. Reg. 8025, 8030 (Feb. 3, 2021) (transportation masking order).

**2.** Plaintiffs are six families that unlawfully crossed the U.S.-Mexico border into the United States, and whom the Department of Homeland Security determined to be subject to the Title 42 process. Plaintiffs brought suit in January 2021 on behalf of a putative class of noncitizen family units who are or will be subjected to the Title 42 process. The district court granted class certification and issued a classwide preliminary injunction. The district court held that Plaintiffs were likely to succeed on the merits of their statutory challenge because, in the court's view, Section 265 likely did not authorize the government to expel noncitizens once they have crossed the border into the United States. The district court also found that the remaining preliminary injunction factors weighed in Plaintiffs' favor. The district court enjoined the government from expelling class members from the United States under the CDC rule and orders. *Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146 (D.D.C. 2021).

This Court stayed the preliminary injunction pending appeal, and subsequently affirmed the preliminary injunction in part and vacated it in part. This Court held that Section 265 likely authorized "the Executive [to] expel the Plaintiffs from the country," but likely did not authorize the government to "expel them to places where they will be persecuted or tortured." *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 772 (D.C. Cir. 2022). This Court remanded for further proceedings.

5

**3.**     On April 1, 2022, the CDC issued an order terminating all its prior

Title 42 orders prohibiting the introduction of certain noncitizens into the United

States.  *See* Centers for Disease Control and Prevention, Public Health

Determination and Order Regarding Suspending the Right To Introduce Certain

Persons From Countries Where a Quarantinable Communicable Disease Exists, 87

Fed. Reg. 19,941 (Apr. 6, 2022).  In that order, the CDC determined that "there is

no longer a serious danger that the entry of covered noncitizens * * * into the

United States will result in the introduction, transmission, and spread of COVID-

19 and that a suspension of the introduction of covered noncitizens is no longer

required in the interest of public health" because "the cross-border spread of

COVID-19 due to covered noncitizens does not present the serious danger to

public health that it once did, given the range of mitigation measures now

available."  *Id.* at 19,942.  The termination order, by its terms, was to take effect on

May 23, 2022.  *See id.* at 19,941.  The CDC's termination order, however, was

preliminarily enjoined on a nationwide basis on May 20, 2022.  *See Louisiana v.*

*CDC*, No. 6:22-cv-00885 (W.D. La.), Preliminary Injunction Order, ECF No. 91

(May 20, 2022).  The government appealed that ruling to the Fifth Circuit, *see*

*Louisiana v. CDC*, No. 22-30303 (5th Cir.), but the preliminary injunction

remained in place while the appeal was pending.

6

4.      On remand in the present case, Plaintiffs moved for partial summary judgment on their claims that the Title 42 policy – including CDC's regulation at 42 C.F.R. § 71.40, and its various orders implementing that regulation – were arbitrary and capricious under the APA.  The government opposed Plaintiffs' claims, arguing that CDC had reasonably explained the public health need for the orders at the time it had issued them.  The district court granted partial summary judgment in Plaintiffs' favor.  The district court vacated and set aside the CDC's rule and orders, and permanently enjoined the government from applying the rule and orders to the Plaintiff class members.  *Huisha-Huisha v. Mayorkas*, --- F. Supp. 3d ----, 2022 WL 16948610 (D.D.C. 2022).  The district court subsequently entered a partial final judgment under Rule 54(b).  The government filed a notice of appeal to this Court.

5.      After the notice of appeal was filed, a group of 19 States moved to intervene in this appeal and moved for a stay pending appeal.  This Court denied both motions on December 16, 2022.  On December 27, 2022, the Supreme Court granted the States' petition for a writ of certiorari to review this Court's order denying intervention, scheduled argument for the February 2023 argument session, and stayed the district court's order in this case pending the Supreme Court's judgment.  *Arizona v. Mayorkas*, S. Ct. No. 22-A-544, 2022 WL 17957850 (2022).

7

This Court entered an order holding this appeal in abeyance pending the Supreme Court's disposition of the denial of intervention.

**6**.    On January 30, 2023, the Office of Management and Budget (OMB) issued a statement announcing that "[a]t present, the Administration's plan is to extend the [Secretary's public health] emergency declarations to May 11," after which the declarations would expire.  OMB, Statement of Administration Policy 1 (Jan. 30, 2023), https://perma.cc/FE83-MXDE (OMB Statement).

The government informed the Supreme Court that "[t]he anticipated end of the public health emergency on May 11, and the resulting expiration of the operative Title 42 order, would render * * * moot" the attempt by the 19 States seeking to intervene in this appeal.  Brief for the Federal Respondents at 12, *Arizona v. Mayorkas*, No. 22-592 (U.S. Feb. 7, 2023).  "In that event," the government stated, it would "ask the court of appeals to vacate the district court's judgment and remand with instructions to dismiss [the Plaintiff class members'] suit as moot," and "because the mooting of the underlying case would also moot [the 19 States'] attempt to intervene, it would likewise be appropriate for [the Supreme] Court to resolve the intervention dispute by vacating the court of appeals' order denying intervention and remanding with instruction to dismiss petitioner's [intervention] motion as moot."  *Id.*  The Supreme Court thereafter removed the case from the oral argument calendar.

On May 11, 2023, the Secretary's declaration of COVID-19 as a public health emergency expired as expected under OMB's statement. The expiration of the Secretary's public health emergency caused CDC's remaining Title 42 orders to likewise expire by their terms. On May 12, 2023, the government began processing all noncitizens under Title 8 of the U.S. Code.[2]

On May 18, 2023, the Supreme Court vacated this Court's order denying the 19 States' motion to intervene and remanded the case to this Court with instructions to dismiss the intervention motion as moot. *Arizona v. Mayorkas*, 143 S. Ct. 1312 (May 18, 2023). Justice Gorsuch issued a statement noting that "Congress passed and the President signed into law a joint resolution declaring that

---

[2] The declaration's expiration did not automatically end policies that were not contingent on the Secretary's declaration, but consistent with the expiration of that declaration the Administration has taken steps necessary to terminate the vaccine requirements for federal contractors, federal employees, international air travelers, Head Start educators, CMS-certified healthcare facilities, and certain noncitizens at the land border. *See* White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023), https://perma.cc/38B6-LR9E.

Other emergency declarations related to COVID-19 have also ended in light of changed circumstances. The Federal Emergency Management Agency announced that "all COVID-19 major disaster declarations * * * will close effective May 11, 2023." 88 Fed. Reg. 8884 (Feb. 10, 2023). On April 10, 2023, the President signed a joint Congressional resolution terminating the separate declaration of a national emergency related to COVID-19 pursuant to 50 U.S.C. § 1622, which had been in place since March 2020. *See* Pub L. No. 118-3, 137 Stat. 6 (2023).

the COVID-19 emergency is over," and that "[t]he Secretary of Health and Human Services, too, has issued his own directive announcing the end of the public-health emergency underlying the Title 42 orders." *Id.* at 1313. "[T]hese developments are enough to persuade the Court that the Title 42 orders the government wished to withdraw a year ago are now as good as gone and any dispute over them is moot." *Id.* at 1314.

## ARGUMENT

1. This case is moot. This suit alleged that the Title 42 policy, including CDC regulation and its implementing orders, was arbitrary and capricious under the APA. Plaintiffs also contended that the Title 42 policy exceeded CDC's statutory authority and was otherwise contrary to various provisions of immigration law under Title 8. But the expiration of the Secretary of Health and Human Services' declaration of COVID-19 as a public health emergency has caused CDC's last operative Title 42 order to expire by its own terms. *See* 86 Fed. Reg. at 42,829, 42,841. This development means that the challenged CDC order, and the district court's permanent injunction barring enforcement of that order and its judgment vacating and setting aside that order, no longer have any concrete effect on the parties, and resolution of the parties' dispute regarding the lawfulness of CDC's order no longer presents a live controversy. The same is true for CDC's regulation. In the absence of any effective CDC order implementing CDC's

regulation in any way, that regulation has no concrete effect on the parties, and the resolution of the parties' dispute regarding the lawfulness of that now dormant regulation no longer presents a live controversy.

As a result, this case no longer presents an "actual, ongoing controvers[y]." *Planned Parenthood of Wisconsin v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019). Because "an intervening circumstance" has deprived "plaintiff[s] of a 'personal stake in the outcome of the lawsuit,'" the case "must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (Federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

The outcome in this case is dictated by the Supreme Court's judgment with respect to the 19 States seeking to intervene in this appeal.  There, the Supreme Court held that, in light of the expiration of the CDC order, the States' motion to intervene was moot and the Supreme Court accordingly vacated this Court's order denying intervention.  *Arizona v. Mayorkas*, 143 S. Ct. 1312 (May 18, 2023).  The States' motion to intervene was moot only because this appeal in which they were attempting to intervene was itself moot, as is the underlying suit.  As Justice Gorsuch pointed out, the termination of the Secretary's COVID-19 public health emergency meant that "the Title 42 orders * * * are now as good as gone and any dispute over them is moot." *Id.* at 1314.  That includes not only any dispute

regarding intervention, but any dispute raised in this appeal and in Plaintiffs' complaint concerning the lawfulness of the Title 42 policy.[3]

As is clear from the Supreme Court's disposition in the intervention matter, no exception to mootness applies here.  The narrow exception for cases capable of repetition yet evading review applies only when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer*, 523 U.S. at 17 (brackets and quotation marks omitted).  Plaintiffs cannot meet their burden to establish either requirement. *See*, *e.g.*, *J.T. v. District of Columbia*, 983 F.3d 516, 523 (D.C. Cir. 2020).  Plaintiffs' challenge concerns whether the now-expired Title 42 policy was arbitrary and capricious, or otherwise unlawful.  There is no reasonable likelihood that the CDC will issue another Title 42 emergency order affecting processing at the border because of a serious public health danger arising from COVID-19 in the foreseeable future. *See, e.g., Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020)

---

[3] The Fifth Circuit recently reached exactly that conclusion.  As noted above, *see supra* at 6, the government appealed a Louisiana district court's preliminary injunction of the CDC's order terminating all of the CDC's prior Title 42 orders. *See Louisiana v. CDC*, No. 22-30303 (5th Cir.)*.*  After the Secretary's public health emergency declaration expired, and in light of the Supreme Court's disposition in *Arizona v. Mayorkas*, 143 S. Ct. 1312 (2023), the court of appeals vacated the district court's preliminary injunction and remanded with instructions to dismiss the case as moot. *See Louisiana v. CDC*, No. 22-30303 (5th Cir.) (unpublished order June 13, 2023).

(holding that challenge to an expired COVID-19 stay-at-home order was not capable of repetition yet evading review because it was "speculative, at best" that a similar order raising the same issues would recur); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 230-31 (3d Cir. 2021) (similar); *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (similar); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (similar).  And as the length of this litigation shows, there is also no reason why such a dispute necessarily would be likely to become moot before judicial review.

The exception for voluntary cessation also does not apply because "the challenged conduct cannot reasonably be expected to recur."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 95 (2013).  Mootness in this case resulted from a fundamental change in public health conditions.  As explained, the relevant statute requires the Secretary's declarations of a public health emergency to expire after 90 days unless renewed.  42 U.S.C. § 247d(a).  The Secretary had renewed the declaration of COVID-19 as a public health emergency throughout the pandemic based on an assessment of the public health circumstances at that time.  But in April 2022, the CDC determined that all or its prior Title 42 orders should end because they were "no longer required in the interest of public health * * * given the range of mitigation measures now available."  87 Fed. Reg. at 19,942.  The

Secretary of Health and Human Services' COVID-19 public health emergency also expired on May 11, 2023.

Among other effects, the expiration of the Secretary's public health emergency resulted in the termination of CDC's Title 42 order, and as a result of that termination, neither the CDC's Title 42 orders nor the CDC's regulation has any concrete effect on Plaintiffs. Those circumstances do not constitute voluntary cessation. *See, e.g., Trump v. Hawaii*, 138 S. Ct. 377 (2017) (holding case moot when the policy "expired" by its "own terms"); *Spell*, 962 F.3d at 179 (holding that a policy "that expires by its own terms does not implicate" voluntary cessation); *Brach*, 38 F.4th at 14-15 (noting that voluntary cessation exception does not apply to end of emergency COVID-19 orders that "expire[d] by their own terms" based on changed public health circumstances, and citing cases); *County of Butler*, 8 F.4th at 230-31(same); *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 10 (1st Cir. 2021) (voluntary cessation exception did not apply to rescinded COVID-19 emergency order); *Eden, LLC v. Justice*, 36 F.4th 166, 171 (4th Cir. 2022) (same and citing cases). *Cf. Clark v. United States*, 915 F.2d 699, 705 (D.C. Cir. 1990) ("non-reenactment of a one-time condition that expired of its own terms cannot be viewed as cessation of conduct"). Given the change in public health conditions that led to the expiration of the Secretary's public health emergency, and hence to the termination of the challenged orders, there is no reasonable likelihood that new

14

Title 42 orders would be issued that would apply to the Plaintiff class members in the same way.[4]

    **3.**    Because this case is moot, the Court should vacate the district court's judgment granting partial summary judgment, its permanent injunction, and its order vacating and setting aside the CDC's regulation and order; and remand with instructions to dismiss this case as moot.  The Supreme Court has stated that the "ordinary practice" is to vacate the lower court's judgment when a case becomes moot on appeal.  *Alvarez v. Smith*, 558 U.S. 87, 94, 97 (2009); *University of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).  That "common[]" practice is necessary to "prevent a judgment, unreviewable because of mootness, from spawning any legal consequences."  *Id.* at 41.  Following that principle, this Court has frequently vacated lower court judgments or orders when intervening events moot the litigation on appeal.  *See, e.g., United States v. China Telecom Corp.*, 55 F.4th 939, 944 (D.C. Cir. 2022); *Planned Parenthood,* 942 F.3d at 519; *UtahAmerican*

---

[4] This case is unlike *Wall v. TSA*, 2023 WL 1830810 (D.C. Cir. 2023), where this Court held that a challenge to TSA's transportation mask requirement was not moot despite the expiration of the challenged directives.  In *Wall*, the government expressly told the Court that there was "a more-than-speculative chance" that TSA would readopt its masking policy in the future, while at the same time the government was "actively seeking to overturn" a district court decision that had struck down another mask directive.  *Id.* at *2.

*Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1122 (D.C. Cir. 2012); *Humane Soc. v. Kempthorne*, 527 F.3d 181, 184-88 (D.C. Cir. 2008).

The Supreme Court likewise routinely vacates orders when mootness resulted from a change in policy for reasons unrelated to the litigation. *See Alvarez*, 558 U.S. at 96-97 (vacating judgment when State returned property for reasons unrelated to the plaintiff's due-process suit); *Board of Regents of Univ. of Tex. Sys. v. New Left Educ. Project*, 414 U.S. 807 (1973) (reversing denial of vacatur and vacating injunction after a state university repealed the challenged rules for good-faith reasons); *see also Mayorkas v. Innovation Law Lab*, 141 S. Ct. 2842 (2021) (vacating preliminary injunction after policy change resulting from new assessment of the public interest); *Yellen v. U.S. House of Representatives*, 142 S. Ct. 332 (2021) (same); *United States v. Microsoft Corp.*, 138 S. Ct. 1186, 1187-88 (2018) (per curiam) (vacating lower-court decision when intervening change in federal law rendered review of that decision moot); *U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms v. Galioto*, 477 U.S. 556, 560 (1986) (vacating district court judgment after statutory amendment resulting in mootness); *cf. Biden v. Sierra Club*, 142 S. Ct. 46 (2021) (vacating judgment due to policy change resulting in changed circumstances). As a leading treatise has explained, vacatur in such circumstances is equitable to ensure that the government (and other parties) would not be "deterred" from taking "good faith" actions that

16

incidentally moot a case, merely to avoid "the prospect that" "an erroneous district court decision may have untoward consequences in the unforeseen future."  13C Charles Alan Wright et al., Federal Practice and Procedure § 3533.10.1 (3d ed.).

Most notably, when the Supreme Court held that the 19 States' intervention motion in this case was moot, it also vacated this Court's order denying mootness, following the ordinary practice of vacatur when a lower court's judgment becomes moot on appeal.  *Arizona v. Mayorkas*, 143 S. Ct. 1312 (May 18, 2023).  Just as the Supreme Court's disposition dictates that Plaintiffs' case is moot, so too does it dictate that vacating the district court's judgment is the appropriate disposition in this case.

Here, the case became moot before the government could obtain a decision on appellate review because of the expiration of a broader public health emergency declaration based on changed public health circumstances.  Indeed, the propriety of vacatur is especially clear in this case, since mootness resulted from the automatic expiration of the public health emergency declaration by statute due to changed public health circumstances, rather than any reasons driven by or related to this litigation.  If vacatur were unavailable in circumstances where the challenged government action terminated because of changed public health conditions unrelated to the merits of the litigation, then the Executive Branch would be forced to choose between continuing a policy that it has concluded is no longer required

17

in the interests of public health, on the one hand, and acquiescing to an erroneous district court judgment, on the other. Neither "the ends of justice" nor "the public interest" would be served by that outcome. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24, 26 (1994) (citation omitted).

In addition, vacatur is warranted to "'clear[] the path for future relitigation' by eliminating a judgment the loser was stopped from opposing on direct review." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (citation omitted). A clear path is warranted here, where the district court's judgment purported to vacate and set aside CDC's regulation and also permanently enjoined the government from applying that regulation to any of the Plaintiff class members. The CDC should not be deprived of that regulatory authority by a judgment it has no opportunity to appeal in this Court. *See Munsingwear*, 340 U.S. at 39 ("[T]hose who have been prevented from obtaining the review to which they are entitled should not be treated as if there had been a review."). Moreover, the agency is unable to contest on appeal the district court's erroneous reasoning — for example, its conclusion that the regulation must impose the "least restrictive means necessary to prevent the spread of disease," *Huisha-Huisha*, 2022 WL 16948610 at *7 — and vacatur is warranted to clear the path for future relitigation of those issues.

18

**CONCLUSION**

For the foregoing reasons, this Court should vacate the district court's grant

of partial summary judgment and the permanent injunction it entered and remand

with instructions to dismiss the case as moot.

Respectfully submitted,


BRIAN M. BOYNTON
*Principal Deputy Assistant*
*Attorney General*

MATTHEW M. GRAVES
*United States Attorney*

SHARON SWINGLE

*/s/ Joshua Waldman*
JOSHUA WALDMAN
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave. NW*
*Washington, DC 20530*
*(202) 514-0236*
*joshua.waldman@usdoj.gov*


June 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 4482 words. This motion also complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font, a proportionally spaced typeface.


  */s/ Joshua Waldman*
JOSHUA WALDMAN

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.


*/s/ Joshua Waldman*
JOSHUA WALDMAN