[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,

    Plaintiffs-Appellees,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,

    Defendants-Appellants.

No. 22-5325

---

**REPLY IN SUPPORT OF MOTION TO VACATE
THE DISTRICT COURT'S JUDGMENT**

    BRIAN M. BOYNTON
      *Principal Deputy Assistant
      Attorney General*

    MATTHEW M. GRAVES
      *United States Attorney*

    SHARON SWINGLE
    JOSHUA WALDMAN
      *Attorneys, Appellate Staff
      Civil Division
      U.S. Department of Justice
      950 Pennsylvania Avenue NW
      Washington, DC 20530
      (202) 514-0236
      joshua.waldman@usdoj.gov*

Plaintiffs agree that this case became moot upon the expiration of the Secretary of Health and Human Services' declaration of COVID-19 as a public health emergency, which in turn resulted in the expiration of the orders issued by the Centers for Disease Control and Prevention (CDC) that Plaintiffs challenge in this litigation. Plaintiffs do not dispute that the "commonly utilized," *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), and "ordinary practice" is to "vacate a lower court judgment when a case becomes moot" on appeal, *Alvarez v. Smith*, 558 U.S. 87, 97 (2009). Plaintiffs nonetheless contend that vacatur is unwarranted because, they assert, the government caused mootness or other equitable considerations weigh against vacatur. For the reasons explained below, neither contention is well-founded.[1]

## ARGUMENT

1.      Plaintiffs argue (Opp. 1) that vacatur is inappropriate where "the party seeking relief from the judgment below caused the mootness by voluntary action." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994). But *Bancorp* addressed only "mootness by reason of settlement," *id.* at 29, and this Court "interpret[s] *Bancorp* narrowly," suggesting that "the *Bancorp* exception

---

[1] Plaintiffs agree that "the case" is moot but argue this Court should remand with instructions to dismiss "the remaining, undecided claims * * * as moot." Opp. 1. But the expiration of the Secretary's public health emergency moots plaintiffs' *entire case*, not just the claims left undecided by the district court.

1

may be limited to appeals mooted by settlement," *Humane Society v. Kempthorne*, 527 F.3d 181, 185, 187 (D.C. Cir. 2008), and questioning whether "the voluntary action exception applies to governmental action in the first place," *id.* at 187.

More importantly, this case became moot because the challenged order — which from its inception was intended to operate as a "temporary" suspension — by its terms "remain[ed] effective" only until "the expiration of the Secretary of [Health and Human Services'] declaration that COVID-19 constitutes a public health emergency," 86 Fed. Reg. 42,828, 42,830, 42,838 (Aug. 5, 2021), and that declaration has expired. Where challenged government action expires by its own terms, thus mooting a case on appeal, courts continue to apply the ordinary rule of vacating the judgment below. *See, e.g., Trump v. Hawaii*, 138 S. Ct. 377 (2017) (holding case moot when the policy "expired" by its "own terms," the appeal "no longer presents a live case or controversy," and "[f]ollowing our established practice in such cases, the judgment [below] is therefore vacated"). And numerous courts have reached that result where the expiration of the government's action was, as here, caused by changed public health circumstances. *See, e.g.*, *Brach v. Newsome*, 38 F.4th 6, 15 (9th Cir. 2022) (en banc) (holding that challenges to emergency COVID-19 orders that "were temporary measures designed to expire by their own terms" were moot and "dismiss[ing] the appeal and remand[ing] with instructions for the district court to vacate its judgment"); *Spell v. Edwards*, 962

2

F.3d 175, 179-80 (5th Cir. 2020) (holding that a policy "that expires by its own terms" mooted the litigation "[a]nd because the appeal became moot before appellate review" the district court's order "is VACATED"); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 231-32 (3rd Cir. 2021) (where "challenged [COVID-19] orders have expired by their own terms," the appeal is moot and the court "follows the established practice" in "vacat[ing] the judgment below"); *Eden, LLC v. Justice*, 36 F.4th 166, 172 (4th Cir. 2022) (holding that Governor's termination of challenged COVID-19 restrictions mooted the case and following the "customary practice" the court "vacate[d] the district court's judgment"). *Cf. Clarke v. United States*, 915 F.2d 699, 705, 708 (D.C. Cir. 1990) (en banc) (finding mootness in challenge to "non-reenactment of a one-time condition that expired of its own terms" and vacating decision of appellate panel and district court judgment). *See* Motion 14 (discussing these cases). Plaintiffs contend that these cases are "unavailing," Opp. 7, but they do not discuss why or engage in any analysis of why the present case differs in a meaningful way.

Plaintiffs nevertheless contend that vacatur is unavailable because the government lost below, and, in their view, "[t]hat makes all the difference." Opp. 7. That is incorrect, and cannot be reconciled with *Trump v. Hawaii*, *Brach*, *County of Butler*, or *Clarke* (cited above), all of which vacated lower court judgments in which a government entity lost in the district court and its appeal was

3

mooted because the challenged government action expired by its own terms. Indeed, the Supreme Court has made clear that vacatur is appropriate when the government has lost in the lower court even when the challenged action does not merely self-expire, but is affirmatively terminated for policy reasons. *See, e.g., Yellen v. United States House of Representatives,* 142 S. Ct. 332 (2021); *Mayorkas v. Innovation Law Lab,* 141 S. Ct. 2842 (2021); *see also, e.g., Biden v. Sierra Club,* 142 S. Ct. 56 (2021); *Biden v. Sierra Club,* 142 S. Ct. 46 (2021). *A fortiori*, vacatur is appropriate here.

  Nor can Plaintiffs' view be reconciled with the Fifth Circuit's recent decision in *Louisiana v. CDC,* No. 22-30303. There, the government also lost below — a Louisiana district court entered a preliminary injunction barring enforcement of the CDC's order terminating all of the agency's prior Title 42 orders. The government appealed, but the case became moot for the same reason this case is moot (expiration of the Secretary's public health emergency declaration). The Fifth Circuit accordingly vacated the district court's preliminary injunction before remanding with instructions to dismiss. *See id.* (unpublished order June 13, 2023). Plaintiffs contend that "the government has not identified any case in which vacatur was granted under the unusual circumstances of this case," Opp. 8, but *Louisiana* (as well as the other cases noted above) did so in almost exactly parallel circumstances.

4

2. Plaintiffs suggest that equitable considerations weigh against vacatur because, in their view, the government engaged in a "tactical choice" to cause mootness in order to avoid an appeal on the merits in this litigation. But as this Court has recognized, "[a]t least in the absence of overwhelming evidence (and perhaps not then), it would seem inappropriate for the courts either to impute such manipulative conduct to a coordinate branch of government, or to apply against that branch a doctrine that appears to rest on the likelihood of a manipulative purpose." *Clarke*, 915 F.2d at 705.

Plaintiffs suggest that a manipulative purpose is evident from the government's motion to hold this appeal in abeyance. Opp. 5. But the government's request to hold an appeal in abeyance does not preclude vacatur of a lower court's judgment when the appeal becomes moot because of a change in government policy or a change in the law that occurred during the abeyance. *See Biden v. Sierra Club,* 142 S. Ct. 46 (2021) (No. 20-138) (placing case in abeyance pending regulatory developments and subsequently vacating lower court decisions following change in policy); *Mayorkas v. Innovation Law Lab,* 141 S. Ct. 2842 (2021) (No. 19-1212) (placing case in abeyance pending further agency action and subsequently vacating lower court decisions following change in policy).

Plaintiffs nonetheless contend that vacatur is inappropriate because the government sought to hold this appeal in abeyance pending anticipated rulemaking

5

that would replace the regulation vacated by the district court. Opp. 5. In plaintiffs' view, the government's abeyance motion demonstrates that it was prepared to leave in place the district court's judgment vacating the CDC's regulation until such time as the agency issued new rulemaking, Opp. 3, and thus, in their view, the government is "in no way harmed," Opp. 2, if this Court leaves the district court's judgment in place now. But plaintiffs' argument overlooks a key difference between abeyance and mootness.

Had the government's appeal been held in abeyance pending new rulemaking, the government would still have preserved the opportunity, if circumstances required, to ask the Court to lift the abeyance, proceed with the appeal, and reverse the judgment below. *See* Defs.' Mtn. to Hold Case in Abeyance at 2 ("[T]he Court should hold this appeal in abeyance indefinitely but allow any party to move to lift the abeyance if future litigation, regulatory developments, or other circumstances warrant lifting the abeyance."). When this appeal became moot, however, the government lost any opportunity to appeal and seek reversal of the district court's judgment vacating the CDC's regulation. That is precisely the circumstance in which *Munsingwear* vacatur is warranted. *See Munsingwear*, 340 U.S. at 39 ("[T]hose who have been prevented from obtaining the review to which they are entitled should not be treated as if there had been a review."). In the absence of vacatur, the government is harmed by depriving the

6

CDC of its important regulatory authority concerning public health because of a district court judgment the government can no longer appeal. Plaintiffs, by contrast, have identified no cognizable harm that *they* would suffer if this Court grants vacatur and the CDC's regulation remained valid pending the CDC's rulemaking, given that no operative Title 42 orders remain in effect and there is no reasonable likelihood that Plaintiffs will be subject to a new Title 42 order addressing COVID-19 in the foreseeable future.[2]

Plaintiffs also suggest (Opp.7-8) that the automatic expiration of the Secretary's public health declaration was a manipulative tactic supposedly driven by the government's interest in obtaining vacatur in this litigation. That suggestion is without merit. The Secretary's allowing the declaration to expire of its own force was not rooted in litigation tactics, but in his assessment of the fundamental change in public health conditions. That broader assessment was consistent with the CDC's own specific determination — made months prior to the district court

---

[2] The government's harm is all the greater because the district court purported to vacate the CDC's regulation entirely, rather than just enjoining or vacating it with respect to the Plaintiff class members. (The district court's permanent injunction was limited to prohibiting enforcement against class members, but its order purporting to vacate the regulation was not similarly limited.) Whether the district court was authorized to do so, and whether equitable considerations in any event would allow such relief in this case, are questions of considerable importance that the government was unable to contest on appeal. *See United States v. Texas*, 2023 WL 4139000 at *13-*17 (2023) (Gorsuch, J., concurring in the judgment).

7

judgment below — that all its prior Title 42 orders should be terminated in light of changed public health conditions. That determination was prevented from becoming effective — which would have mooted this case before any judgment was entered — only because of the preliminary injunction entered in the *Louisiana* case, which has now been vacated on mootness grounds that apply here as well.

Moreover, as noted in the government's motion (at 4 n.1), the expiration of the Secretary's declaration had numerous legal consequences unrelated to Title 42, all of which were contingent on the continuation of the declaration — including for the authorization to expend funds under various programs and to waive or modify certain requirements under the Medicare, Medicaid, and Children's Health Insurance Programs to ensure access to care, or to issue various other emergency public-health orders. Plaintiffs' speculation that the government terminated all of these other programs and policies just to seek vacatur in this case is far-fetched, to say the least. *Cf. Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971) (noting "presumption of regularity" that applies to government action). Indeed, the fact that the government has also taken steps to terminate other COVID-19 measures in light of changed public health conditions that were not contingent on the Secretary's declaration, *see* Motion 9 n.2, only reinforces that the government's actions are rooted in an assessment of public health conditions rather

8

than litigation tactics. Plaintiffs have no basis, or evidence, for suggesting otherwise.

In the end, Plaintiffs agree that there is no categorical rule that would bar vacatur here, which they say instead "turns on the particular circumstances of a case." Opp. 7. As the government previously explained (Motion 17-18), if vacatur were unavailable under these circumstances — where the challenged government action self-terminated because of changed public health conditions unrelated to the merits of the litigation — then the Executive Branch would be forced to choose between continuing a policy that it has concluded is no longer required in the interests of public health, on the one hand, and acquiescing to an erroneous district court judgment, on the other. Neither "the ends of justice" nor "the public interest" would be served by that outcome. *Bancorp*, 513 U.S. at 24, 26.

## CONCLUSION

For the foregoing reasons and those stated in the government's Motion, this Court should vacate the district court's grant of partial summary judgment and the permanent injunction it entered and remand with instructions to dismiss the case as moot.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant*
  *Attorney General*

MATTHEW M. GRAVES
  *United States Attorney*

SHARON SWINGLE

*/s/ Joshua Waldman*
JOSHUA WALDMAN
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Washington, DC 20530*
  *(202) 514-0236*
  *joshua.waldman@usdoj.gov*

July 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 2131 words. This motion also complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font, a proportionally spaced typeface.

                                          */s/ Joshua Waldman*
                                          JOSHUA WALDMAN

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                          */s/ Joshua Waldman*
                                          JOSHUA WALDMAN